UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. FANNING,<br><br>   Plaintiff,<br><br>      v.<br><br>ANGUS CORPORATION,<br><br>   Defendant. | Civil Action No. 12-1319 (CKK) |

MEMORANDUM OPINION
(April 16, 2013)

Plaintiff Michael R. Fanning, the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, filed suit against Defendant The Angus Corporation, alleging the Defendant failed to pay contributions owed to the Central Pension Fund. Presently before the Court is the Plaintiff's [8] Motion for Entry of Judgment by Default. Upon consideration of the pleadings, the relevant legal authorities, and the record as a whole, the Court finds the Plaintiff is entitled to a monetary award for unpaid contributions, liquidated damages, interest, reasonable attorney's fees, and costs. Accordingly, the Plaintiff's [8] Motion for Entry of Judgment by Default is GRANTED.

I. BACKGROUND

The Plaintiff filed suit on August 8, 2012, asserting the Defendant is bound by the Savannah River Nuclear Solutions Site Support Alliance Agreement ("the Labor Agreement") to pay certain sums of money for hours of work performed by the Defendant's employees under the Labor Agreement. Compl., ECF No. [1], ¶¶ 6-7; Ex. B to Fanning Decl., ECF No. [8-3] (Ltr. of Assent to the Labor Agreement). Pursuant to the Labor Agreement, employers are obligated to

make contributions to the Central Pension Fund for every hour worked by an employee performing work under the Labor Agreement. Fanning Decl. ¶ 9. The Defendant submitted a report reflecting the number of hours its employees work under the Labor Agreement in March 2011, indicating the Defendant owed contributions totaling $2,459.60 to the Central Pension Fund for that month. Ex. C to Fanning Decl. Although the contributions were due by no later than May 1, 2011, *see* Ex. E to Fanning Decl., the Defendant has yet to pay the amount due for March 2011, Fanning Decl. ¶ 9. Accordingly, the Plaintiff seeks: (1) a monetary award for the unpaid contributions; (2) liquidated damages; (3) interest on the unpaid contributions; and (4) reasonable attorney's fees and costs. Compl. at 4-5.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that the Clerk of the Court must enter a party's request for a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After a default has been entered by the Clerk, a party may move the court for a default judgment. Fed. R. Civ. P. 55(b)(2). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall*, 531 F. Supp. 2d at 57 (citation omitted). The Clerk of the Court entered a default as to the Defendant on September 12, 2012, therefore the factual allegations in the Complaint are taken as true. *Int'l Painters & Allied Trades Indus.*

*Pension Fund v. R.W. Amrine Drywall* Co., Inc., 239 F. Supp. 2d 26, 30 (D.D.C. 2002). The Court finds that Plaintiff's Complaint sufficiently alleges facts to support their claims. The Plaintiff is thus entitled to default judgment as to Defendant's liability for its failure to make contributions owed to the Central Pension Fund for work performed by its employees in March 2011.

While the entry of default establishes the Defendant's liability, the Court is required to make an independent determination of the amount of damages to be awarded, unless the amount of damages is certain. *Int'l Painters & Allied Trades Indus. Pension Fund v. Davanc Contracting, Inc.*, 808 F. Supp. 2d 89, 94 (D.D.C. 2011). In instances where the amount of damages is not certain, the court may hold a hearing, but is not required to do so as long as there is a basis for determining damages for purposes of the default judgment. *Flynn v. Extreme Granite, Inc.*, 671 F. Supp. 2d 157, 160 (D.D.C. 2009). In making an independent determination, "the court may rely on detailed affidavits or documentary evidence." *Breaking the Chain Found., Inc. v. Capitol Educ. Supp., Inc.*, 589 F. Supp. 2d 25, 28 (D.D.C. 2008) (quoting *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)).

### III. DISCUSSION

The Plaintiff, as a designated fiduciary of the Central Pension Fund, filed suit to enforce the Defendant's obligations to the fund, as provided by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), (g). In support of his motion for default judgment, the Plaintiff submitted declarations from Michael Fanning and attorney R. Richard Hopp, as well as a number of documents concerning the Labor Agreement, the Declaration of Trust, and the contributions owed by the Defendant. In light of these exhibits and the factual allegations in the Complaint, the Court finds the Plaintiff is entitled to a judgment in

the amount of $2,459.60 in unpaid contributions to the Central Pension Fund. Pursuant to the relevant ERISA provisions and the Declaration of Trust, the Plaintiff is further entitled to liquidated damages, interest on the unpaid contributions, reasonable attorney's fees, and costs.

### A. *Unpaid Contributions for March 2011*

Initially, the Plaintiff seeks a monetary award in the amount of $2,459.60, the total unpaid contributions owed by the Defendant to the Central Pension Fund for the month of March 2011. The Defendant signed a Letter of Assent to the Labor Agreement, indicating it agreed to comply with the Labor Agreement for work performed between December 1, 2010, and November 30, 2011. Ex. B to Fanning Decl. The Defendant submitted a Remittance Form to the Central Pension Fund indicating its employees performed 473 hours of work under the Labor Agreement between March 1 and March 31, 2011. Ex. C to Fanning Decl. At the contribution rate of $5.20 per hour worked, the Defendant indicated it owes the Central Pension Fund $2,459.60. *Id.* In correspondence with the Central Pension Fund before this suit was initiated, the Defendant admitted that it owed $2459.60 in unpaid contributions. Ex. D to Fanning Decl. (7/13/12 Ltr. J. Pressley to M. Crabtree). Based on this evidence, the Court is satisfied that Plaintiff has met his burden of establishing Defendant's liability under the Labor Agreement for contributions in the amount of $2,459.60.

### B. *Liquidated Damages*

The Declaration of Trust provides that if the Central Pension Fund determines an employer has failed to make required contributions, the fund may obtain liquidated damages in an amount "up to twenty percent (20%) of the amount found to be delinquent." Ex. A to Fanning Decl. (Decl. of Trust § 4.5(b)); *accord* 29 U.S.C. § 1132(g)(2)(B) (authorizing the recovery of liquidated damages in actions brought by a plan fiduciary to enforce an employer's obligation to

make contributions to certain retirement plans).  In this case, the Plaintiff seeks only liquidated damages in the amount of 15% of the unpaid contributions.  The Declaration of Trust and relevant statutory provision establish the Plaintiff is entitled to liquidated damages as requested.  Therefore, the Court shall award Plaintiff liquidated damages in the amount of $368.94.

    C.    *Interest*

The Plaintiff also seeks interest on the unpaid contributions up to the date of judgment.  The Court calculates the award of interest "by using the rate provided under the plan, or, if none, the prescribed under [26 U.S.C. § 6621]."  26 U.S.C. § 1132(g)(2).  The Declaration of Trust indicates that interest should be calculated at the rate of 9% simple interest, or $0.61 per day.  Ex. A to Fanning Decl. (Decl. of Trust § 4.5(c)); Ex. E to Fanning Decl. (interest calculation worksheet).  Thus, the Court shall award interest on the unpaid contributions to the Plaintiff through April 15, 2013, for a total of $436.76.

    D.    *Attorney's Fees & Costs*

Finally, the Plaintiff requests attorney's fees in the amount of $696, and costs totaling $525.  The Plaintiff is entitled to "reasonable attorney's fees and costs of the action." 29 U.S.C. § 1132(g)(2)(D); Decl. of Trust § 4.5(d) (authorizing imposition of costs and attorney's fees).  The Plaintiff's attorney, R. Richard Hopp, submitted a declaration indicating he spent a total of 2.9 hours researching and drafting the complaint, communicating the Central Pension Fund regarding the case, and researching and drafting the present motion.  Ex. A to Hopp. Decl.  The hourly rate sought by the Plaintiff, just $240 per hour, is well below the *Laffey* matrix rate for attorney with over twenty years of experience.  The Court finds both the number of hours and rate charged by the Plaintiff's attorney are reasonable.  Accordingly, the Court shall award the Plaintiff reasonable attorney's fees and costs in the amount of $1221.

## IV.  CONCLUSION

For the foregoing reasons, the Plaintiff's [8] Motion for Entry of Judgment by Default is GRANTED.  The Plaintiff is entitled to a default judgment including unpaid contributions owed by the Defendant ($2,459.60), liquidated damages ($368.94), interest on the unpaid contributions ($436.76), and attorney's fees and costs ($1221), totaling $4,486.30.  An appropriate Order accompanies this Memorandum Opinion.


　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**COLLEEN KOLLAR-KOTELLY**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE